

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| OVERHEAD DOOR CORP., et al., | § |
| | § |
| Plaintiffs-counterdefendants, | § |
| | § Civil Action No. 3:95-CV-1648-D |
| VS. | § |
| | § |
| THE CHAMBERLAIN GROUP, INC., | § |
| | § |
| Defendant-counterplaintiff. | § |

## ORDER

Plaintiffs bring this action seeking a declaratory judgment that they do not infringe United States Patent No. 4,750,118, reissued as United States Patent No. Re. 35,364 (the '364 patent), entitled "Coding System for Multiple Transmitters and a Single Receiver for a Garage Door Opener," and that the '364 patent is invalid and unenforceable. Defendant counterclaims for infringement. The special master, to whom several motions have been referred for recommendation, recommends in pertinent part that the court grant summary judgment and hold that plaintiffs do not infringe the claims of the '364 patent, and deny summary judgment and hold that plaintiffs have failed to establish patent invalidity and that defendant has not shown assignor estoppel.

I

The relevant background facts and procedural history are adequately set out in the substantive reports and recommendations of the special master, and are now adopted by the court as if set forth in their entirety. The following reports and recommendations of the special master are before the court for consideration: (1) November 14, 1997 report and recommendation on plaintiffs' and defendant's motions to strike; (2) December 10, 1997 report and recommendation on plaintiffs'

motion for partial summary judgment of patent invalidity; (3) December 12, 1997 report and recommendation on defendant's motion for partial summary judgment of assignor estoppel; (4) December 15, 1997 report and recommendation, December 24, 1997 amended report and recommendation, and January 16, 1998 second amended report and recommendation on plaintiffs' motion for summary judgment of patent invalidity under 35 U.S.C. § 103; (5) January 8, 1998 report and recommendation on plaintiffs' motion for leave to file declaration in opposition to defendant's motion for summary judgment; and (6) January 8, 1998 report and recommendation on plaintiffs' motion for summary judgment of non-infringement and defendant's cross-motion for summary judgment of infringement.

II

A

The court adopts the November 14, 1997 report and recommendation of the special master. Plaintiffs' September 8 and 29, 1997 motions to strike are denied. Defendant's September 29, 1997 motion to strike is denied as moot.

B

Plaintiffs have advised the court by February 9, 1998 letter that they do not oppose the December 10, 1997 report and recommendation on plaintiffs' August 4, 1997 motion for partial summary judgment of patent invalidity. The court adopts the recommendation and denies plaintiffs' motion.

C

The court adopts the December 12, 1997 report and recommendation on defendant's July 14, 1997 motion for partial summary judgment of assignor estoppel. Following *de novo* review, the court

concludes as a matter of law that defendant is not entitled to partial summary judgment on this basis. Accordingly, defendant's motion is denied.

D

Plaintiffs have advised the court by February 9, 1998 letter that they do not oppose the December 15, 1997 report and recommendation, as amended December 24, 1997 and January 16, 1998, on plaintiffs' August 4, 1997 motion for summary judgment of patent invalidity under 35 U.S.C. § 103. The court adopts the recommendation and denies plaintiffs' motion.

E

The court adopts the January 8, 1998 report and recommendation on plaintiffs' November 12, 1997 motion for leave to file declaration in opposition to defendant's motion for summary judgment, and grants plaintiffs' motion.

F

The court adopts the January 8, 1998 report and recommendation on plaintiffs' July 7, 1997 motion for summary judgment of non-infringement, defendant's August 4, 1997 cross-motion for summary judgment of infringement, and plaintiffs' August 4, 1997 second motion for summary judgment of non-infringement. The court therefore grants plaintiffs' August 4, 1997 second motion for summary judgment of non-infringement and holds, for the reasons stated in the special master's report, that claims 1-8 of the '364 patent are not infringed by the accused devices. The court denies plaintiffs' July 7, 1997 motion for summary judgment of non-infringement, and defendant's August 4, 1997 cross-motion for summary judgment of infringement. The court overrules defendant's February 2, 1998 objections to the special master's report and denies plaintiffs' February 2, 1998 requests for additional findings.

III

Within 20 days of the date this order is filed, the parties are directed to submit a letter or memorandum, not to exceed 10 pages, setting forth their respective positions concerning whether, under Federal Circuit precedent, plaintiffs' declaratory judgment claims for invalidity and/or unenforceability have been mooted by the entry of summary judgment of non-infringement, or remain to be litigated. If a party contends that some or all such claims remain, the party must also advise the court concerning the estimated length of trial and the necessity for completion of any pretrial matters (such as discovery) prior to trial. The party may advise the court regarding any other matters that would assist the court is scheduling the case for final disposition. If the parties agree that the court's decision today has obviated the necessity for a trial of the remaining claims, plaintiffs are directed to present a proposed form of judgment for the court's consideration.

**SO ORDERED.**

April  30 , 1998.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE